# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NONA HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONAL STORES, INC., et al.,<br><br>          Defendants. | Case No. 1:15-cv-00294-LJO-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE |

On May 29, 2015, the Court held an informal discovery dispute conference in this action. Tanya Moore appeared on behalf of Plaintiff Nona Harris ("Plaintiff"). Daron Barsamian appeared on behalf of Defendants National Stores, Inc. and Force-Fulton Mall, LLC. ("Defendants").

The parties disputed the scope of a site inspection proposed by Plaintiff of Defendants' business premises. Plaintiff contended that a full inspection of the premises was warranted to discover whether any other, unknown barriers relating to Plaintiff's disability existed beyond those explicitly identified in Plaintiff's complaint. Defendants contended that the site inspection should be limited in scope to those areas of the premises specifically identified in Plaintiff's complaint as constituting a barrier.

/ / /

/ / /

1

In <u>Doran v. 7-Eleven, Inc.</u>, 524 F.3d 1034, 1043 (9th Cir. 2008), the Ninth Circuit stated:

> Given that an ADA plaintiff has standing because of deterrence from returning in the face of uncertainty, it is prudent to eliminate that uncertainty through the judicial device of discovery, thus allowing the plaintiff to obtain by formal means the information about the scope of the defendant's violations that he may have been unable to safely ascertain himself because of those same violations.

The Ninth Circuit went on to state:

> The statute provides that where an individual, like Doran, has suffered discrimination in the form of a refusal to remove architectural barriers, he may seek injunctive relief including "an order to alter facilities to make such facilities readily accessible ... and usable." 42 U.S.C. § 12188(a)(2). Such injunctive relief could not be crafted, however, if the parties had not been allowed to determine through discovery precisely what barriers prevented the facility in question from being "readily accessible to and usable by" Doran. We therefore hold that where a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim.

<u>Id.</u> at 1043-44.

In accordance with <u>Doran</u>, the Court finds that Plaintiff is entitled to conduct a full inspection of the site and investigate what, if any, other barriers affecting her disability existed at the time she brought the claim.

IT IS SO ORDERED.

Dated:   **June 1, 2015**

UNITED STATES MAGISTRATE JUDGE